IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ABRE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-1148-RJD |
| | ) | |
| AARON J. CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Permission to Appeal in Forma Pauperis (Doc. 93).   For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 alleging he was subjected to excessive force while at Menard Correctional Center ("Menard") by Campbell and other members of his tactical team on January 24, 2019.  Following a threshold review of Plaintiff's complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

Count One:    Eighth Amendment claim for excessive force against Campbell.

Count Two:    Eighth Amendment claim for failure to intervene against Campbell.

On March 7, 2022, the parties participated in a settlement conference before the undersigned (*see* Doc. 83).   The parties agreed to a settlement on that date and the undersigned entered a 120-day Order, indicating judgment would enter on July 5, 2022 (*see* Doc. 84).   On July 5, 2022, counsel for Defendant filed a Motion to Delay Entry of Judgment (Doc. 85), explaining

counsel had only just received the signed Settlement Agreement and General Release from Plaintiff on that date. Counsel explained the settlement paperwork still needed to be completed by his clients and the Office of the Attorney General before being sent to "CMS" for final processing. Counsel for Defendant asked that judgment be entered on October 3, 2022. The Court granted the request in part, and entered an order advising the parties that judgment would enter on September 6, 2022 (*see* Doc. 86).

Plaintiff subsequently filed three affidavits that were reviewed by the Court. In the first of these affidavits, filed July 25, 2022 (Doc. 87), Plaintiff set forth general complaints about staff at Pontiac Correctional Center ("Pontiac"). Plaintiff also included a general statement that there "may be a violation of the Model Rules of Professional Conduct … on a state level because there might be a conflict of interest with the defendant." Plaintiff goes on to state general points of law regarding retaliation, and includes the following statement that mentions the undersigned:

> I believe that Magistrate Judge Reona J. Daly have violated petition for redress of grievances provides by the first amendment, which violated the due process because ALL citizens have equal protection under the Fourteenth Amendment. Which may violated Code's in Federal Regulations of the court room, and the reason why is she have my preponderance of the evidence under this civil action [sic].

There is no context for Plaintiff's statements in this affidavit, including whether it relates to the case at hand or an issue at Pontiac and, most importantly, Plaintiff did not request any relief or give any indication he was seeking to delay entry of judgment or otherwise call into question the settlement he entered into with Defendant.

In this second affidavit, filed on July 28, 2022 (Doc. 88), Plaintiff noted general propositions of the law regarding deliberate indifference and provided five case citations. Plaintiff also made mention of a violation of his first amendment petition for redress of a

grievance. Again, Plaintiff provided no context to his affidavit and did not set forth any request for relief. Plaintiff also made no mention of the impending judgment or settlement in this action.

In his third affidavit, filed on August 30, 2022 (Doc. 89), Plaintiff mentioned the Federal Tort Claims Act and cited four cases. There was no substance to this affidavit, including any explanation for the purpose of its filing. Similar to the other affidavits, Plaintiff made no requests for relief, nor did he include any mention of the impending judgment or settlement agreement.

On September 6, 2022, the undersigned entered an order noting Plaintiff's affidavits had been reviewed, and made no mention of the settlement, judgment, or any request for relief (*see* Doc. 90). Accordingly, the undersigned directed the Clerk of Court to enter judgment in accordance with the Court's Order dated July 12, 2022. Judgment was entered on September 6, 2022 (Doc. 91).

Plaintiff filed a notice of appeal on September 7, 2022 (Doc. 92). In his notice of appeal, Plaintiff indicates he seeks to appeal from a judgment/order entered on September 4, 2022. Plaintiff also filed the motion to appeal in forma pauperis that is now before the Court on September 7, 2022.

## Discussion

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). *See also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Walker*, 216 F.3d at 622 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The motion to proceed IFP must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees

and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal.  *See* FED. R. APP. P. 24(a)(1).

Although the Court has no doubt that Plaintiff is indigent, the Court finds that Plaintiff's appeal in this instance is not taken in good faith because it is frivolous.  It appears Plaintiff has appealed the judgment entered pursuant to a settlement agreement by the parties.  In his motion, Plaintiff states only that his issues on appeal are "Federal Rules of Civil Procedure, sex-discrimination, conflict of interest, and constitutional violation of the law, even Illinois constitutional violation. And abuse of process, abuse of the writ."  Plaintiff does not offer any argument challenging the entry of judgment or the settlement, and he has failed to set out a reasonably arguable legal position or factual basis so that "a reasonable person could suppose that the appeal has some merit."  Accordingly, Plaintiff's Motion for Permission to Appeal in Forma Pauperis (Doc. 93) is **DENIED**

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for use in conjunction with Appeal No. 22-2576.

**IT IS SO ORDERED.**

**DATED: September 12, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**