IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABRE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.   19-cv-1148-RJD |
| | ) |
| AARON J. CAMPBELL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is now before the Court on Plaintiff's Motion for a New Trial: Amending a Judgment (Doc. 99).   For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff Abre Jackson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging he was subjected to excessive force by Defendant Campbell while Plaintiff was at Menard Correctional Center.

A settlement conference was held with the parties on March 7, 2022 and a settlement agreement was reached (*see* Doc. 83).   A 120-day order was entered and judgment was to enter on July 5, 2022.   On request of Defendant, the Court delayed entry of judgment until September 6, 2022.   On September 6, 2022, the undersigned reviewed affidavits filed by Plaintiff in July and August 2022, and determined the affidavits presented no reason to again delay entry of judgment. As such, the undersigned directed the Clerk of Court to enter judgment on September 6, 2022.

Following the entry of judgment, Plaintiff filed a notice of appeal (*see* Doc. 92). Plaintiff's appeal remains pending.   Plaintiff also filed the motion now before the Court, captioned

as a motion for a "New Trial: Amending a Judgment." In his motion, Plaintiff cites Federal Rules of Civil Procedure 59(a)(1)(B)(2), 60(a)(b)(4), and 61. Plaintiff complains that Defendant violated Rule 67(a) because Defendant failed to pay the agreed upon settlement amount. Plaintiff also lists and identifies a number of individuals whom he asserts failed to intervene on his behalf (presumably in reference to the alleged excessive force in his complaint). Plaintiff's motion is brief; however, he attached more than one-hundred pages of exhibits, including grievances, disciplinary records, and his trust fund account statement, to his filing.

## Legal Standard

As a preliminary matter, the undersigned must address the posture of this matter. Plaintiff filed an appeal of the Court's judgment and order directing the same prior to filing the motion now before the Court. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Wisconsin Mutual Ins. Co. v. U.S.*, 441 F.3d 502, 504 (7th Cir. 2006) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). When a party files a notice of appeal after the court enters judgment, but before the court has acted on a timely post-judgment motion, the notice of appeal does not divest the court of jurisdiction to rule on the motion. Fed. R. App. P. 4(a)(4)(B)(i). Although Plaintiff stated he brings his motion under Rules 59(a)(1)(B)(2), 60(a)(b)(4), and 61, the Court construes his motion as seeking relief under Rule 60(b). This is a motion listed under Fed. R. App. P. 4(a)(4)(A)(iv) that suspends a notice of appeal. Therefore, this Court retains jurisdiction to decide Plaintiff's motion despite the filing of the notice of appeal.

As mentioned, Plaintiff cites Rules 59(a)(1)(B)(2), 60(a)(b)(4), and 61 in his motion. However, based on the posture of this case, the timing of his filing, and the relief sought, the Court finds only Rule 60(b) to be applicable.

Rule 60(b) permits relief from a judgment for a number of reasons, including mistake, inadvertence, fraud, misrepresentation, or misconduct by an opposing party, the introduction of newly discovered evidence, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Disagreement with the merits of the underlying judgment is also not grounds for relief under Rule 60(b). *Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016). "Instead of trying to relitigate the merits through Rule 60(b), a litigant has to come up with something *different* – perhaps something overlooked before, perhaps something new." *Id.* (citations omitted). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

## Discussion

Plaintiff's only substantive argument concerning the entry of judgment in this case is his complaint that he had not been paid the agreed-upon settlement amount. In response to Plaintiff's motion, Defendant asserts the settlement documents had been forwarded for final processing and payment on September 16, 2022 (Doc. 102). The Court presumes that at this time, with no evidence to the contrary, Plaintiff has now received the agreed-upon settlement amount. While Plaintiff may be understandably frustrated with the amount of time taken to provide him settlement

funds, such delay does not warrant relief under Rule 60. Indeed, there is no indication of any mistake, misrepresentation or misconduct by Defendant, or any other factor that would justify relief from judgment.

## Conclusion

Based on the foregoing, Plaintiff's Motion for a New Trial: Amending a Judgment (Doc. 99) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 8, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**