IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ABRE JACKSON,                            )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )          Case No.    19-cv-1148-RJD
                                         )
AARON J. CAMPBELL,                       )
                                         )
            Defendants.                  )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff filed this suit pro se and in forma pauperis pursuant to 42 U.S.C. §1983, alleging his Constitutional rights were violated at Pontiac and Menard Correctional Center.   Doc. 15.   He originally filed suit in the Central District of Illinois; the case was then transferred to this District. *Id*.   The undersigned ultimately conducted most of the proceedings in this case pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 7.   Doc. 28.

The parties reached a settlement agreement on March 7, 2022.   Doc. 83.   The Court entered judgment on September 6, 2022.   Plaintiff then filed a Notice of Appeal regarding the judgment.   Doc. 92.   On appeal, Plaintiff asked the Seventh Circuit to vacate the dismissal of his lawsuit.   By reviewing the documents Plaintiff filed in the District Court, the Appeals Court "glean[ed]….that he believes the release is too expansive and the settlement proceedings were unfair." *Jackson v. Campbell*, Case No. 22-2576, p. 2 (7th Cir. Nov. 29, 2023).   The Appeals Court determined that because Plaintiff "never offered to return his settlement payment and provides no argument as to why the settlement agreement is invalid, we affirm." *Id*.

This matter now comes before the Court on Defendant's "Motion for Leave to File Exhibits

Page **1** of **3**

Under Seal", which he filed in Response to a document titled "Objection" by Plaintiff.   Plaintiff

filed the "Objection" in the Seventh Circuit (and it was then sent back to the undersigned) and it

states that it is brought pursuant to Federal Rules of Civil Procedure 46 ("Objecting to a Ruling or

Order"), 60 ("Relief from Judgment"), and 71 (Enforcing Relief for or Against a non-party").

Doc. 120.   Plaintiff then states:

> What I seek from the Appeals Court is to grant the settlement
> demand in full which was (a) $12,000 in compensatory, nominal and
> punitive damages. (b) transfer be terminable going to Menard C.C.;
> (c) restored back to A Grade; (d) due to the misconduct by
> Magistrate Judge Reona J. Daly I seek that the Court of Appeal to
> impeach this judge….therefore I pray that the Court of Appeal grant
> this motion in favor of Plaintiff….affidavit to support this motion is
> attached as exhibit.

Doc. 120.   The affidavit states:

> And threw out this whole appeal their have been many conflict of
> interest because the individuals I try to amend in this matter have
> been the reason I could not amend them, if you relate back to case;
> Teri Kennedy, et al. 19-1237-CSB and then reassigned to 19-1148-
> SMY which magistrate may be relative to some of the individual I
> try to amend.   That is why staff transfer me to another prison to
> delay or stop me from amending this complaint, which was the
> abuse of process and the abuse of the writ.

Regarding Plaintiff's contention that the undersigned is related to individuals identified in

Plaintiff's motions to amend his complaint (Docs. 52, 57, 59): to the undersigned's knowledge,

she is not related to anyone who works at Pontiac or Menard Correctional Center.

Defendant construed Plaintiff's "Objection" as a Motion "seeking relief from judgment"

pursuant to Rule 60 for "voidness" and then argues that the Court should enforce the settlement

agreement.   Doc. 123.   Defendant asks the Court for leave to file the settlement agreement under

seal.   Doc. 122.   This request (Doc. 122) is DENIED.   The contents of the settlement agreement

are not issue.   Plaintiff's "Objection" is one of many documents he filed in this Court following the entry of final judgment in this case, expressing overall dissatisfaction with the Court's handling of this case and citing inapplicable caselaw and Rules of Civil Procedure.   *See*, *e.g.*, Docs. 87, 88, 89, 99.   The "Objection" simply implies that the undersigned "may be" related to various staff members at Pontiac and/or Menard Corrrectional Center for whom Plaintiff wanted to name as defendants in this case.

Regarding Plaintiff's request for the undersigned to recuse herself, it was directed to the Appeals Court who considered filings in this Court to determine what issue(s) Plaintiff was trying to appeal, but did not address the undersigned's alleged conflict of interest.   In any event, Plaintiff's speculation that the undersigned "may be" related to people he wanted to sue is not a sufficient basis for recusal.    28 U.S.C. § 144; *see also* 28 U.S.C. § 455.   Moreover, this case is closed, the appeal is over, and there is nothing left for the Court to decide.   Plaintiff's "Objection" is overruled.

**IT IS SO ORDERED.**

**DATED: February 27, 2024**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**